## CHARLES ENGMARK v. EVA PETERSON AND OTHERS.[1]

### April 23, 1920.

### No. 21,736.

**Ejectment — description in complaint indefinite.**

> The description of land sought to be recovered in ejectment must be legally sufficient to identify it, or the description must be such that, by reference to monuments or known or described or designated objects, the land sought to be recovered can be identified and located. A description of a strip of land commencing at a quarter corner, following the quarter line south to a road, thence going along the road southwesterly to the south line of a forty, and thence to a designated road, without showing the definite location on either side of the quarter line, or road, or forty line, and indefinite as to width in all except the first course, is insufficient.

Action in ejectment in the district court for Chisago county, and to recover $25 for detention of land, and $10 for taking down standing posts. Defendants' demurrer to the amended complaint was sustained,

[1]Reported in 177 N. W. 125.

Searles, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*James Schoonmaker* and *William F. Hunt,* for appellant.

*Alfred P. Stolberg,* for respondents.

PER CURIAM.

Action of ejectment. There was a demurrer to the complaint which the court sustained. The plaintiff appeals from the order sustaining it.

The question is upon the sufficiency of the description of the land sought to be recovered. The description must identify the land sought to be recovered either by a legal description, sufficient in itself to identify, or by a description referring to monuments or known or described or designated objects, which, when applied to the land, so identifies it that it can be located.

The description was as follows:

"Commencing at the southeast corner of section nine (9), in township thirty-six (36) north, of range twenty-two (22) west, thence running south and southwesterly a strip of land two (2) rods wide, being about eighteen (18) rods along the east line of the northeast quarter of the northeast quarter (NE¼ of NE¼), of section sixteen (16), in township thirty-six (36) north, of range twenty-two (22) west, and thence in a southwesterly direction as the road is now located to the south line of said northeast quarter of the northeast quarter (NE¼ of NE¼), and thence along the south line of said tract to what is known as the Alfred Melin Road."

The commencing point is the common corner of the southeast quarter of section 9 and the northeast quarter of the northeast quarter of section 16. The tract of land as it starts is two rods wide. The course is designated as "south and southwesterly." It is not shown whether the land is on the east or the west of the east line of the 40 or half on each side. When the road something like 18 rods south is reached, the course is to the southwest as the road is located. Whether it is northerly or southerly of the road is not shown, and it is not shown that the land is the road itself, nor very certainly the width of the land claimed. When it reaches the south line of the quarter it goes either east or west, which is not shown, to the Alfred Melin road, and it is not shown wheth-

er it goes on the north of the line or south of it or half on each side, nor is its width certain. The description was insufficient and the demurrer was properly sustained.

The views stated are those of the majority. The minority view is that the description is sufficient for a·complaint.

Order affirmed.